1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUDY BOTELLO,                          No.  1:16-cv-01376-AWI-JLT (HC)

12              Petitioner,                  ORDER TO SHOW CAUSE WHY THE
                                             PETITION SHOULD NOT BE DISMISSED
13        v.                                 FOR VIOLATION OF THE ONE-YEAR
                                             STATUTE OF LIMITATIONS
14   M. BITER, Warden,
                                             [THIRTY-DAY DEADLINE]
15              Respondent.

16

17        On September 16, 2016, Petitioner filed the instant habeas petition.  A preliminary review

18   of the petition reveals that the petition may be untimely and should be dismissed.  Therefore, the

19   Court will order Petitioner to show cause why the petition should not be dismissed for violation

20   of the statute of limitations.

21   **I.        DISCUSSION**

22        A.        Preliminary Review of Petition

23        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

24   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

25   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

26   The Advisory Committee Notes to Rule 8 indicate that a court may dismiss a petition for writ of

27   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

28   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

1    2001).

2         The Ninth Circuit, in <u>Herbst v. Cook</u>, concluded that a district court may dismiss *sua*

3    *sponte* a habeas petition on statute of limitations grounds so long as the court provides the

4    petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at

5    1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice

6    required by the Ninth Circuit in <u>Herbst</u>.

7         B.    <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

8         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

9    1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10   corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).  The instant

11   petition was filed on September 16, 2016, and thus, it is subject to the provisions of the AEDPA.

12        The AEDPA imposes a one-year period of limitation on petitioners seeking to file a

13   federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In most cases, the limitation

14   period begins running on the date that the petitioner's direct review became final.  Here,

15   Petitioner was convicted on May 6, 2002, of robbery with the use of a deadly weapon based on

16   his plea of nolo contendere.  (Doc. 1, p. 1).  Petitioner was sentenced to a determinate term of 28

17   years.

18        California state law governs the period within which prisoners have to file an appeal and,

19   in turn, that law governs the date of finality of convictions.  <u>See</u>, <u>e.g.</u>, <u>Mendoza v. Carey</u>, 449

20   F.3d 1065, 1067 (9th Cir. 2006); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)

21   (California conviction becomes final 60 days after the superior court proceedings have concluded,

22   citing prior Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a

23   criminal defendant convicted of a felony must file his notice of appeal within sixty days of the

24   rendition of judgment.  <u>See</u> <u>People v. Mendez</u>, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)

25   (citing prior Rule of Court, Rule 31(d)).  Because it appears that Petitioner did not file a notice of

26   appeal, his direct review would have concluded on July 5, 2002, when the sixty-day period for

27   filing a notice of appeal expired.  The one-year period under the AEDPA would have commenced

28   the following day, on July 6, 2002, and Petitioner would have had one year from that date, or

until July 5, 2003, within which to file his federal petition for writ of habeas corpus.  See

Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on September 16, 2016, which was over

thirteen years after the date the one-year period had expired.  Thus, unless Petitioner is entitled to

tolling, the instant petition is untimely and should be dismissed.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

§ 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

governing filings, including the form of the application and time limitations.  Artuz v. Bennett,

531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner

completes a full round of [state] collateral review," so long as there is no unreasonable delay in

the intervals between a lower court decision and the filing of a petition in a higher court.

Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as*

*recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (per curium) (internal quotation

marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v.

Saffold, 536 U.S. 214, 220, 222-226 (2002).

Nevertheless, there are circumstances and periods of time when no statutory tolling is

allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

appeal and the filing of an application for post-conviction or other collateral review in state court,

because no state court application is "pending" during that time.  Raspberry v. Garcia, 448 F.3d

1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between

finality of an appeal and the filing of a federal petition.  Id.  In addition, the limitation period is

not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S.

167, 181-182 (2001).  Further, a petitioner is not entitled to statutory tolling where the limitation

period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d

820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations

period that has ended before the state petition was filed.");  Jiminez v. White, 276 F. 3d 478, 482

3

1  (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's

2  later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

3      Petitioner alleges that he filed state habeas petitions in 2015 in the Superior Court of

4  Fresno and the California Court of Appeal, Fifth Appellate District ("5th DCA").  However,

5  neither of these petitions affords Petitioner any statutory tolling under the AEDPA because the

6  one-year period had expired long before the first state petition was filed.  Ferguson, 321 F.3d at

7  823.

8      D.      Later Start Date Pursuant to 28 U.S.C. § 2244(d)(1)(D)

9      As set forth above, the statute of limitations will commence on the date on which the

10  factual predicate of the claim or claims presented could have been discovered through the

11  exercise of due diligence if that date is later than the date on which judgment became final.  28

12  U.S.C. § 2244(d)(1).  In this case, Petitioner claims the sentencing court imposed an unlawful

13  upper term in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Cunningham v.

14  California, 549 U.S. 270 (2007).  Since Apprendi was decided in 2000, and Petitioner knew he

15  was being sentenced to the upper term at the time of sentencing, the factual predicate of

16  Petitioner's claim would have been known to him at the time of sentencing, or could have been

17  discovered through the exercise of due diligence.  Therefore, § 2244(d)(1)(D) is inapplicable and

18  the petition remains untimely.

19      E.      Equitable Tolling

20      The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

21  equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010);

22  Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is

23  subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make

24  it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th

25  Cir. 2005) (internal quotation marks and citations omitted).  "Generally, a litigant seeking

26  equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his

27  rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560

28  U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to

4

trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted).  As a consequence,

"equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.  Here, the Court sees

no basis for a claim of equitable tolling.  Accordingly, the petition is untimely and should be

dismissed.

       F.     Conclusion

      The instant petition is untimely by over thirteen years.  However, pursuant to Herbst,

Petitioner will be given an opportunity to respond and provide any additional evidence or

information he has pertinent to the issue of timeliness.  If Petitioner's response is not persuasive

and determinative on the issue, the Court will recommend that the petition be dismissed as

untimely.

**II.**    **ORDER**

      For the foregoing reasons, the Court ORDERS:

      1.     **Within thirty days,** Petitioner **SHALL** show cause in writing why the Petition

should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

      **Petitioner is forewarned that his failure to comply with this order may result in a**

**Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

   Dated:   **October 4, 2016**                **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

5