UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY BOTELLO,<br><br>    Petitioner,<br><br>    v.<br><br>M. BITER, Warden,<br><br>    Respondent. | No. 1:16-cv-01376-AWI-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS<br><br>[TWENTY-ONE DAY DEADLINE] |

    On September 16, 2016, Petitioner filed this habeas petition. A preliminary review of the petition revealed that in all likelihood the petition was untimely and should be dismissed. Therefore, on October 5, 2016, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed. On October 28, 2016, Petitioner filed a response to the order to show cause. Upon consideration of Petitioner's response, the Court finds that Petitioner has failed to establish timeliness and will therefore recommend the petition be **DISMISSED**.

**I.     DISCUSSION**

    A.    <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that a court may dismiss a petition for writ of

1  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to
2  dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.
3  2001).

4  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua*
5  *sponte* a habeas petition on statute of limitations grounds so long as the court provides the
6  petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at
7  1041-42. The Court afforded Petitioner the notice required by the Ninth Circuit in Herbst in its
8  order to show cause.

9        B.      Limitation Period For Filing Petition For Writ Of Habeas Corpus

10  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
11  1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas
12  corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997). The instant
13  petition was filed on September 16, 2016, and thus, it is subject to the provisions of the AEDPA.
14  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal
15  petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

16  In most cases, the limitation period begins running on the date that the petitioner's direct
17  review became final. Here, Petitioner was convicted on May 6, 2002, of robbery with the use of a
18  deadly weapon based on his plea of nolo contendere. (Doc. 1, p. 1). Petitioner was sentenced to
19  a determinate term of 28 years.

20  California state law governs the period within which prisoners have to file an appeal and,
21  in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449
22  F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)
23  (California conviction becomes final 60 days after the superior court proceedings have concluded,
24  citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a
25  criminal defendant convicted of a felony must file his notice of appeal within sixty days of the
26  rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)
27  (citing prior Rule of Court, Rule 31(d)). Because it appears that Petitioner did not file a notice of
28  appeal, his direct review would have concluded on July 5, 2002, when the sixty-day period for

filing a notice of appeal expired.  The one-year period under the AEDPA would have commenced the following day, on July 6, 2002, and Petitioner would have had one year from that date, or until July 5, 2003, within which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on September 16, 2016, which was over thirteen years after the date the one-year period had expired.  Thus, unless Petitioner is entitled to tolling, the instant petition is untimely and should be dismissed.

   C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (per curium) (internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182 (2001).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d

3

820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Petitioner states he filed a petition for review in the California Supreme Court. Attached to his response is a copy of the order denying his petition for review in Case No. S234339. In this case, the petition was filed on May 6, 2016, and denied on June 8, 2016. The exhibit also references Case No. F073557, which was a habeas petition filed in the California Court of Appeal, Fifth Appellate District, on April 19, 2016, and thereafter denied on April 21, 2016. However, neither of these petitions affords Petitioner any statutory tolling under the AEDPA because the one-year period had expired long before the first state petition was filed. Ferguson, 321 F.3d at 823.

### D. Later Start Date Pursuant to 28 U.S.C. § 2244(d)(1)(D)

As set forth above, the statute of limitations will commence on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence if that date is later than the date on which judgment became final. 28 U.S.C. § 2244(d)(1). In this case, Petitioner claims the sentencing court imposed an unlawful upper term in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Cunningham v. California, 549 U.S. 270 (2007). Since Apprendi was decided in 2000, and Petitioner knew he was being sentenced to the upper term at the time of sentencing, the factual predicate of Petitioner's claim would have been known to him at the time of sentencing, or could have been discovered through the exercise of due diligence. Therefore, § 2244(d)(1)(D) is inapplicable and the petition remains untimely.

### E. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make

it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005) (internal quotation marks and citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107. Here, Petitioner makes no argument, and the Court sees no basis, for a claim of equitable tolling. Accordingly, the petition is untimely and should be dismissed.

### F. Conclusion

The instant petition is untimely by over thirteen years. Pursuant to Herbst, Petitioner has been given an opportunity to respond and provide any additional evidence or information he has pertinent to the issue of timeliness. Petitioner's response was not persuasive and therefore the Court will recommend that the petition be dismissed as untimely.

## II.     RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the habeas corpus petition be **DISMISSED** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 14, 2016**                             **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE